IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GREGORY PAUL GARCIA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-344 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION
### TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner GREGORY PAUL GARCIA has filed with this Court a federal Petition for a Writ of Habeas Corpus by a Person in State Custody challenging two (2) convictions for the felony offenses of indecency with a child by contact and the resultant 10-year concurrent sentences. On February 5, 2016, respondent filed a preliminary response arguing petitioner's habeas application is barred by the AEDPA's statute of limitations. On March 8, 2016, petitioner filed a reply but did not address respondent's contention that his federal habeas application is time barred. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus should be DENIED as time barred.

I.
PROCEDURAL HISTORY

On August 18, 2004, petitioner was charged by Indictment in Potter County, Texas with two (2) counts of the second degree felony offense of indecency with a child - sexual contact with regard

to victim I.R. *State v. Garcia*, No. 49,530. On that same day, petitioner was also charged by Indictment in Potter County, Texas with two (2) counts of the second degree felony offense of indecency with a child - sexual contact with regard to victim J.H. *State v. Garcia*, No. 49,531.

On August 27, 2004, petitioner pled guilty in the 47th Judicial District Court of Potter County, Texas to the offenses of indecency with a child - sexual contact as alleged in the Indictments, and applied for community supervision. Pursuant to the terms of the plea bargain, the state trial court accepted petitioner's guilty pleas, deferred adjudication of petitioner's guilt, placed defendant on deferred adjudication community supervision for a term of ten (10) years in each case, assessed various fees, and assessed community service restitution of 200 hours. The State specifically reserved the right to seek consecutive terms of incarceration if petitioner violated the terms of his probation and was adjudicated guilty of the crimes to which he pled guilty.

The State subsequently filed, in each case, a Motion to Proceed with Adjudication of Guilt alleging petitioner had failed to comply with four (4) conditions of his community supervision, including failing to attend and complete Sex Offender treatment and observe the child safety zone as directed. On January 30, 2008, petitioner pled true to each of the violations alleged in the State's motions with an agreed punishment recommendation. On that same date, the trial court granted the State's motions, revoked petitioner's community supervision, adjudicated petitioner guilty of the offenses of indecency with a child - sexual contact, and assessed sentences of 10-years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. As part of his true plea, petitioner waived any right of direct appeal. The *Order Pronouncing Adjudication of Guilt* and the corresponding *Judgment* were signed February 5, 2008.

On July 27, 2014, petitioner, acting *pro se*, filed applications for a state writ of habeas corpus challenging his convictions and sentences, such applications being received and filed-marked by the

trial court on August 1, 2014. By his state habeas applications, petitioner alleged he was denied effective assistance of counsel during the plea phase of the case. On October 15, 2014, the Texas Court of Criminal Appeals denied petitioner's state habeas applications without written order. *Ex parte Garcia*, No. 82,041-02, -03.

On November 17, 2015 petitioner executed the instant federal habeas application challenging his convictions and sentences and placed it in the prison mail system. The federal application was received and file-marked November 24, 2015. In response to the section of the habeas form instructing applicants to explain why the one-year statute of limitations does not bar their petition if their judgment of conviction became final over one year ago, petitioner responded:

> I have been collecting evidence and trying to get my file from [the] District Attorney for the past 5 yrs. I am on the next step of the federal habeas corpus. My knowledge of the law lacks somewhat so please take that into consideration and the time it's taken me to get this far. Please allow me to continue on this Habeas Corpus.

II.
## ALLEGATIONS

Petitioner alleges his convictions and sentences violate his rights under the United States Constitution because he was denied effective assistance of counsel in the underlying proceeding when trial counsel:

1. Failed to conduct a thorough, independent investigation of the Potter County allegations, instead relying on information from another case in another county involving the same victims to determine petitioner should plead guilty to the offenses in Potter County;[1]

2. Failed to advise petitioner she was not prepared to go to trial;

3. Failed to believe in petitioner's innocence;

---

[1] On June 3, 2004, in Johnson County, Texas, petitioner pled guilty and was placed on ten years deferred adjudication for the offense of indecency with a child. *State v. Garcia*, No. F37394. On December 17, 2007, petitioner pled true to violating the terms of his supervised release and was assessed a 10-year sentence of imprisonment. A federal habeas corpus challenge to this conviction and sentence was dismissed as time barred on July 21, 2016. *Garcia v. Davis*, No. 3:15-CV-1382.

4.  Wrongfully advised petitioner to accept the State's plea bargain offer for deferred adjudication; and

5.  Failed to consult with petitioner or admonish him of his constitutional rights prior to his entering a guilty plea.

Within the "supporting facts" sections with regard to the above grounds, petitioner appears to assert what could also be construed as a challenge to the voluntariness of his guilty plea based on counsel's actions.

### III.
### STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## IV.
## TIME BAR

In her February 5, 2017 preliminary response, respondent notes petitioner's habeas claims relate to his August 27, 2004 guilty plea and the order placing him on deferred adjudication community supervision. Respondent argues petitioner has not raised any claims challenging the 2008 probation revocation proceedings, the adjudication of petitioner's guilt, or the prison sentence assessed after revocation and adjudication. Respondent argues the limitation period began to run on the date the original order deferring adjudication became final, *i.e.*, on September 27, 2004, when the time for filing an appeal expired. Respondent contends any federal habeas application petitioner wished to file had to be filed no later than September 27, 2005 to be timely under the limitations period. Respondent contends petitioner is not entitled to statutory or equitable tolling to extend the limitations period. Petitioner has not responded to respondent's argument that his federal habeas application is time barred.

In this proceeding, petitioner does not challenge the revocation of his community supervision, either the revocation itself or the final sentencing order entered after revocation. Instead, petitioner challenges the adequacy of counsel's legal representation prior to advising petitioner to enter a guilty plea, and possibly challenges the voluntariness of his guilty plea. Consequently, petitioner challenges only the initial proceeding which resulted in the August 27, 2004 order deferring adjudication of guilt and granting probation.

Under Texas law, a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in an appeal taken when deferred adjudication community supervision is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999). Here, the state trial court entered the Order placing petitioner on deferred adjudication

probation on August 27, 2004. Petitioner had thirty (30) days in which to file a Notice of Appeal initiating a direct appeal of the order deferring adjudication and granting petitioner's probation. *See* Tex. R. App. P. 26.2(a)(1). Petitioner failed to do so.

For purposes of section 2244(d)(1), an order deferring adjudication following a guilty plea is a final judgment. *Tharpe v. Thaler*, 628 F.3d 719, 724 (5th Cir. 2010); *Caldwell v. Dretke*, 429 F.3d 521, 529 (5th Cir. 2005). Since petitioner failed to file an appeal, the deferred adjudication order became "final" for AEDPA purposes upon the expiration of the 30-day appellate period, or on September 27, 2004.[2] *See* Tex. R. App. P. 26.2(a)(1).

Under the AEDPA, petitioner had one year, or until September 27, 2005, to raise any complaints regarding deficiencies during the initial deferred adjudication proceedings.[3] The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Petitioner's state habeas applications, filed in July 2014, were filed well after the expiration of the limitations period and do not provide petitioner with any statutory tolling.

The Fifth Circuit has recognized the one-year limitation period for filing a habeas corpus petition established in 28 U.S.C. § 2244(d)(1) is not a jurisdictional bar and is subject to equitable tolling. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). As a general rule, equitable tolling operates only "in rare and exceptional circumstances" where it is necessary to "preserve[] a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Id.*, 158 F.3d at 810–11. Equitable tolling applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his

---

[2] The 30-day period ended on September 26, 2004, a Sunday. Therefore, petitioner had until the end of Monday, September 27, 2004, in which to perfect his appeal. Tex. R. App. Proc. 4.1(a).

[3] Petitioner has presented nothing indicating a provision other than 28 U.S.C. § 2244(d)(1)(A) is applicable to this case.

rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation omitted). As a consequence, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. *Id.* Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In his application, petitioner states he had been "collecting evidence and trying to get [his] file from [the] District Attorney for the past 5 yrs." To the extent, if any, petitioner is attempting to argue he is entitled to equitable tolling for this time period, petitioner has in no way demonstrated such tolling is warranted. The limitation period to file a federal habeas application expired in 2005, substantially more than five years prior to petitioner's 2014 filing of his state habeas petitions or his 2015 filing of his federal habeas petition. Moreover, petitioner has failed to identify what evidence he has "been collecting" or what material in the file maintained by the District Attorney was necessary for petitioner to file his federal habeas petition. Petitioner has made no showing that he was actively misled by the State about his claims or that he was prevented in some extraordinary way from filing his petition. Petitioner is not entitled to equitable tolling under the facts of this case.

Petitioner, however, appears to assert he should be excused from the limitations bar because he is actually innocent. The statute of limitations bar may, in fact, be overcome by a showing of "actual innocence." *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013) ("actual innocence, if proved, serves as a gateway through which a petitioner may pass" when he is procedurally barred by the expiration of the statute of limitations). However, a petitioner who claims actual innocence "must show that it is more likely than not that no reasonable juror would have convicted him in light of [] new evidence." *Id.* The actual innocence gateway is only available to a petitioner who presents new "evidence of innocence so strong that a court cannot have

confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). Petitioner has failed to meet this high standard.

Petitioner has failed to present any evidence, much less "new" evidence, to support his claim of actual innocence, instead relying solely on his own assertions of actual innocence. Petitioner's self-serving statements are not reliable evidence proving he is factually innocent of the offenses. Nor has petitioner shown that in light of his statements, no reasonable juror would have voted to find him guilty beyond a reasonable doubt. Petitioner's actual innocence claim is insufficient to excuse him from the statute of limitations.

Petitioner did not file his federal habeas corpus petition until November 17, 2015, approximately ten (10) years after the expiration of the AEDPA deadline on September 27, 2005. Therefore, petitioner's claims, all of which relate to alleged deficiencies prior to or during the guilty plea proceeding and assessment of deferred adjudication probation in 2004, are barred by the AEDPA limitations period. *See* 28 U.S.C. § 2244(d). It is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application should be denied.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner GREGORY PAUL GARCIA be DENIED as time barred.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___6th___ day of July 2017.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).